UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIME GREEN LIGHTING, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BRILLIANT NEXTGEN INC.,<br><br>　　　　　Defendant. | Case No.  25-cv-00950-VKD<br><br>**ORDER TO SHOW CAUSE RE APPLICATION FOR ADMISSION PRO HAC VICE BY WILLIAM P. RAMEY, III**<br><br>Re: Dkt. Nos. 8, 9, 10 |

On April 14, 2025, attorney William P. Ramey, III filed an application for admission pro hac vice, representing plaintiff Lime Green Lighting, LLC.  Dkt. No. 8.  That application falsely stated that Mr. Ramey had been granted pro hac vice admission "0 times in the 12 months preceding this application."  Dkt. No. 8 at 1.  The Court's ECF docketing system indicates that Mr. Ramey has been admitted pro hac vice five times in the past twelve months.  *See* Case No. 24-cv-8462, Dkt. No. 27 (March 4, 2025); Case No. 24-cv-6770, Dkt. No. 30 (February 24, 2025); Case No. 24-cv-8891, Dkt. No. 10 (December 12, 2024); Case No. 23-cv-6725, Dkt. No. 38 (October 8, 2024); Case No. 24-cv-01144, Dkt. No. 57 (April 30, 2024).

On April 16, 2025, Mr. Ramey filed a "Corrected" pro hac vice application.  Dkt. No. 9.  That "corrected" application appends certain orders pursuant to a sanctions order recently issued by Magistrate Judge Kang in another case about two weeks before Mr. Ramey first sought admission pro hac vice in the present action.  *See Koji IP, LLC v. Renesas Electronics America, Inc.*, No. 24-cv-03089-PHK, 2025 WL 917110 (N.D. Cal. Mar. 26, 2025).  Mr. Ramey's "corrected" application continued to falsely state that he had been granted pro hac vice admission "0 times in the 12 months preceding this application."  Dkt. No. 9 at 1.  Additionally, Mr. Ramey

did not submit a certificate of good standing with this "corrected" application.

On April 17, 2025, Mr. Ramey filed a second "Corrected" pro hac vice application. Dkt. No. 10. This application now states that Mr. Ramey has been granted pro hac vice admission in this District five times in the past twelve months, and appends copies of Judge Kang's orders, as well as a certificate of good standing. *See id*. With this April 17, 2025 "corrected" application, Mr. Ramey submits a declaration in which a paralegal reportedly employed by Mr. Ramey's firm states that the previous errors regarding the number of Mr. Ramey's prior pro hac vice admissions was due to the paralegal's oversight. *See* Dkt. No. 10-1.

In view of Mr. Ramey's multiple repeated failures to file an accurate pro hac vice application in this case, the Court questions whether he is entitled to pro hac vice admission. Mr. Ramey is directed to show cause why his application should not be denied in view of the conduct described above and in Judge Kang's March 26, 2025 "Order Regarding OSC and Imposing Sanctions on Ramey Firm Lawyers," including Judge Kang's finding that certain attorneys, including Mr. Ramey, "do, in fact, regularly practice law in California . . . ." *Koji IP, LLC*, 2025 WL 917110 at *17; Civil L.R. 11-3(c) (pro hac vice "applicant is not eligible for permission to practice pro hac vice if the applicant . . . [i]s regularly engaged in the practice of law in the State of California."). Review of the Court's online docketing system indicates that at least two other judges have questioned Mr. Ramey's entitlement to admission pro hac vice in this District. *See* Case No. 4:23-cv-06121-JST, *Cyboenergy, Inc. v. N. Elec. Power Tech., Inc.*, Dkt. No. 46; Case No. 3:25-cv-01842-LJC, *Cooperative Entm't, Inc. v. Alibaba Cloud US, LLC*, Dkt. No. 15.

Mr. Ramey's response to this order shall be filed by **May 5, 2025**. In his response, Mr. Ramey may not merely rely on staff members, and shall attest that he has personally reviewed the matters stated in his response and verified their accuracy. Mr. Ramey's failure to timely file a response to this order will result in the denial of his pro hac vice application.

**IT IS SO ORDERED.**

Dated: April 25, 2025

Virginia K. DeMarchi
United States Magistrate Judge

2